**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **PAUL RAFFAELE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 10-248C |
| | )   (Judge Baskir) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, Paragraph 4, plaintiff, Paul Raffaele, and defendant, the United States of America (collectively, "the parties"), respectfully submit this joint preliminary status report.

**a. Does the Court have jurisdiction over the action?**

It is plaintiff's position that the Court possesses jurisdiction to entertain its complaint pursuant to 28 U.S.C. § 1491(a)(1), *et seq.* See also, e.g., Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution, 566 F.2d 289 (D.C. Cir. 1977); Appendix A-1.

Defendant anticipates that it will challenge plaintiff's complaint based upon lack of subject matter jurisdiction, as discussed in ¶¶ h, m.

**b. <u>Should the case be consolidated with any other case</u>?**

The parties do not believe that this case should be consolidated with any other case.

**c. <u>Should trial of liability and damages be bifurcated</u>?**

The parties do not believe that the issues of liability and damages should be bifurcated.

**d. <u>Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal</u>?**

The parties are not aware of any related case in this or any other tribunal.  Thus, they do not believe that this case should be deferred pending consideration of another case before another tribunal.

**e. <u>In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration</u>?**

The parties do not believe that a remand or suspension will be sought.

**f. <u>Will additional parties be joined</u>?**

At this time, the parties do not believe that any additional parties will be joined.

**g. Does either party intend to file a dispositive motion pursuant to RCFC 12(b), 12(c), or 56?**

As of this time, defendant expects to file a motion for summary judgment pursuant to RCFC 56 with respect to plaintiff's complaint.

**h. What are the relevant factual and legal issues?**

Defendant's Statement:

1. Whether this Court has subject matter jurisdiction to entertain the plaintiff's complaint given that Smithsonian Enterprises (then known as Smithsonian Business Ventures) including *Smithsonian* magazine, in contracting with the plaintiff, did not obligate federally appropriated funds. Mr. Raffaele was paid with trust funds.

2. Whether this Court possesses subject matter jurisdiction to entertain the plaintiff's complaint given that Mr. Carey Winfrey and his supervisors within *Smithsonian* magazine and Smithsonian Enterprises (then known as Smithsonian Business Ventures) obligated trust funds, not federally appropriated funds when contracting with Mr. Raffaele on behalf of *Smithsonian* magazine.

3. Whether Mr. Carey Winfrey, the Smithsonian magazine Editor-In-Chief, entered into a implied-in-fact oral agreement to provide injury insurance to Paul Raffaele.

4. Whether plaintiff's claim that the parties entered into an oral agreement regarding Mr. Winfrey's alleged agreement to provide injury insurance to Mr. Raffaele is precluded by the parol evidence rule.

5. Whether Mr. Winfrey possessed actual authority to bind the *Smithsonian* magazine in an implied-in-fact agreement to provide injury insurance to Mr. Raffaele.

5a. If not, whether Mr. Winfrey possessed implied actual authority to bind the *Smithsonian* magazine in an implied-in-fact agreement to provide injury insurance to Mr. Raffaele.

5b. If not, whether Mr. Raffaele is able to demonstrate that someone with the requisite authority ratified an implied-in-fact agreement between the *Smithsonian* magazine and Mr. Raffaele to provide injury insurance to Mr. Raffaele.

Plaintiff's Statement:

The only factual issue is whether plaintiff, plaintiff's witnesses and the circumstances tend to show by a preponderance of the evidence that a contract was entered into.

The anticipated legal issues (mixed with factual issues) will be whether defendant's agent possessed actual or implied authority to enter

into the agreement as well as related issues such as ratification.

### I. What is the likelihood of settlement?  Is alternative dispute resolution contemplated?

Defendant's Statement:

The parties acknowledge that this case has been assigned to an Alternative Dispute Resolution Judge for possible settlement. The parties are unable to determine the likelihood of settlement at this time.

Plaintiff's Statement:

Since the issues are factual and witness-based, the value of the lawsuit is difficult to gauge and is subjective.  This means that settlement may be difficult to reach.  There is a great possibility that the matter will go to trial.

### j. Do the parties anticipate proceeding to trial?  Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?

Defendant's Statement:

If the parties' dispositive motions do not resolve this matter and settlement discussions are not successful, defendant expects that this matter will proceed to trial.

Plaintiff's Statement:

Plaintiff anticipates that this matter will proceed to trial.

The parties do not believe that expedited trial scheduling is appropriate.

**k.  Are there special issues regarding electronic case management needs?**

The parties are not aware of any special issues regarding electronic case management needs.

**l.  Is there other information of which the Court should be aware of at this time?**

In accordance with paragraph 3 of Appendix A, the parties conducted a telephonic early meeting of counsel on August 18, 2010.

The parties propose that they exchange their initial disclosures in accordance with time lines set forth in RCFC 26.

**m.  Joint Proposed Scheduling Plan and Paragraph 5**

The parties do not believe that expedited trial scheduling is appropriate.

Defendant's Proposal:

Defendant proposes that the discovery period should last approximately 12 months, until September 30, 2011.  Given that the plaintiff has alleged that the parties entered into an oral agreement, defendant anticipates that it will conduct limited discovery with regard to that issue prior to filing its motion for summary judgment.  At this time, the

Government anticipates that it will be prepared to file the Government's motion for summary judgment within four months from the commencement of discovery, i.e., January 31, 2011.

In defendant's motion for summary judgment, the defendant will demonstrate that this Court lacks subject matter jurisdiction to consider the complaint. The defendant also will demonstrate that Mr. Winfrey had no actual authority or implied actual authority to enter into a contract to pay injury insurance on Mr. Raffaele's behalf.

If the Court were to deny the Government's motion for summary judgment, the Government anticipates that it would need an additional four or five months to complete discovery on the issue of liability, as well as on the issue of damages.

Plaintiff's Proposal:

Plaintiff concurs with the defendant's proposed schedule for discovery and the filing of dispositive motions.

**7.    Proposed Dates for the Preliminary Status Conference**

The parties jointly propose any of the following dates for the preliminary status conference: September 13-15, September 20-21,or September 27 or 29, 2010. The parties request that the status conference

commence either at 10:00 a.m. or 2:00 p.m (EDT).

### Appendix to Joint Preliminary Status Report

Defendant attaches a copy of letter agreement, dated March 27, 2008, between Mr. Raffaele and Mr. Carey Winfrey, which assigns Mr. Raffaele to write an article on Afghanistan Opium.

Plaintiff attaches a copy of <u>Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution</u>, 566 F.2d 289 (D.C. Cir. 1977).

                    Respectfully submitted,

                    TONY WEST
                    Assistant Attorney General

                    /s/ Jeanne E. Davidson
                    JEANNE E. DAVIDSON
                    Director

| /s/ Michael J. Trevelline | /s/ Sheryl L. Floyd |
|---|---|
| MICHAEL J. TREVELLINE | SHERYL L. FLOYD |
| 1823 Jefferson Place, N.W. | Senior Trial Counsel |
| Washington, D.C. 20036-2504 | Commercial Litigation Branch |
| Tele: (202) 737-1139 | Civil Division |
| Facsimile: (202) 775-1118 | Department of Justice |
|  | Attn: Classification Unit |
| Attorney for Plaintiff |   8th Floor |
|  | 1100 L Street, N.W. |
| DATE:   8/31/10 | Washington, D.C. 20530 |
|  | Tele: (202) 616-8278 |
|  | Facsimile: (202) 514-8624 |

OF COUNSEL:

CHRISTINE NICHOLSON
Smithsonian Institution
Office of General Counsel
1000 Jefferson Drive, SW
Washington, D.C.  20026-3286

Attorneys for Defendant

DATE:   9/1/10

## **CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 1st day of SEPTEMBER, 2010, a copy of the "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing, through the Court's system.

    /s/ Sheryl L. Floyd